UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL LEE NEWMAN II,

Petitioner,

Case No. 2:26-cv-12798
Hon. Matthew F. Leitman

v.

A. DOUGLAS,

Respondent.
_______________________________________/

**ORDER GRANTING PETITIONER'S**
**MOTION TO STAY PROCEEDINGS**

Petitioner Randall Lee Newman II is a state prisoner in the custody of the Michigan Department of Corrections. On August 11, 2026, Newman's pro se petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 was transferred to this Court from the Western District of Michigan. (*See* Pet., ECF No. 1.)[1] Newman seeks relief from his state-court convictions of two counts of first-degree criminal sexual conduct. (*See id.*) Newman's petition raises claims concerning the

[1] Newman filed his petition in the Western District of Michigan on April 28, 2026. *See Newman v. Douglas*, Western District of Michigan No. 1:26-cv-1377, ECF No. 1.

effectiveness of his trial counsel and the suppression of exculpatory evidence. (*See id*.)

Along with his petition, Newman filed a motion to stay proceedings in which he asks the Court to stay this action so that he can return to the state courts and present an insufficiency of the evidence claim, and additional ineffective assistance of trial and appellate counsel claims that he has not yet exhausted. (*See* ECF No. 1, PageID.3, and *Newman*, Western District of Michigan No. 1:26-cv-1377, ECF No. 3.)

A state prisoner who seeks federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. *See* 28 U.S.C. §§ 2254(b) and (c). *See also Picard v. Connor*, 404 U.S. 270, 275-78 (1971); *Walker v. Martin*, 562 U.S. 307, 315 (2011). However, the dismissal of a pending habeas petition while a petitioner pursues state remedies for unexhausted claims could result in the subsequent petition being barred by the one-year statute of limitations for habeas petitions. *See* 28 U.S.C. § 2244(d). To avoid that time-bar, a federal court may opt to stay a federal habeas petition pending resolution of state court post-conviction proceedings. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005).

After the petitioner exhausts his state remedies, the federal court may lift its stay and allow the petitioner to proceed in federal court. *See id*. at 275-76.

The Court concludes that Newman is entitled to such a stay here. A stay is warranted because it will enable Newman to exhaust his state-court remedies for all of his claims without fear of violating the rule on second or successive petitions or the statute of limitations. In addition, there is no evidence of intentional delay. The Court will therefore stay these proceedings while Newman returns to the state courts to pursue his additional claims.

Accordingly, for the reasons explained above, **IT IS HEREBY ORDERED** that Newman's motion to stay proceedings while he pursues state remedies is **GRANTED**. This stay is conditioned upon Newman presenting his unexhausted claims to the state courts by filing a motion for relief from judgment in state trial court by no later than 60 days after the date of this order if he has not already done so. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing similar procedure). If that court denies Newman's motion, he must seek timely review in the Michigan Court of Appeals and the Michigan Supreme Court in the manner provided under Michigan law. *See id*.

The stay is further conditioned on Newman's return to this Court, with a motion to reinstate and amend the petition, using the same caption and case number included at the top of this order, within 90 days of fully exhausting his state court remedies. If Newman fails to comply with any of the conditions described in this

order, the Court will rule only on his currently exhausted claims. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014). Nothing in this order or the related docket entry shall be construed as an adjudication of any of Newman's claims. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002).

**IT IS SO ORDERED**.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 24, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 24, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager